IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ERNEST T. JONES                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 5:10-cv-98(DCB)(MTP)

KEYLA McCULLUM                                               DEFENDANT


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on defendant Keyla McCullum ("McCullum")'s Motion for Summary Judgment **(docket entry 20)**, and plaintiff Ernest T. Jones ("Jones")'s Motion for Rule 56(d) Discovery **(docket entry 23)**, which the Court construes as a response to the motion for summary judgment.  Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

Plaintiff Jones was terminated from employment as head football coach and instructor at Alcorn State University ("ASU") on January 28, 2009.  On or about December 10, 2008, ASU provided written notice to the plaintiff that a recommendation was being made to terminate his employment as head football coach, and the basis for the recommendation.  On or about December 15, 2008, Jones initiated a grievance hearing in accordance with his employment contract with the Mississippi Institutions of Higher Learning ("MIHL") by submitting a written request for hearing.  In so doing, Jones sought review of his employment status before the ASU

Grievance Committee ("Committee").  On December 18, 2008, McCullum (legal counsel for the Committee), provided Jones with written correspondence detailing the format, rules and procedures for the administrative hearing.

On January 16, 2009, the plaintiff's due process hearing was held before the Committee.  After considering the evidence submitted by both parties, hearing witness testimony, and deliberating, the Committee recommended termination of Jones's employment on grounds of malfeasance and contumacious conduct.  The Committee found that Jones improperly opened a bank account in his own name and deposited University funds into the account, without proper authority to do so, and without following proper procedures.  Specifically, the Committee found:

> When the account was closed on April 23, 2008, there was $2,506 that was unaccounted for.  Coach Ernest Jones was insubordinate in operating the account after he had been told to close the account.  Some expenses were supposedly paid from the unaccounted money for the Lettermen's Weekend activities.  However, Coach Ernest Jones submitted a request for reimbursement for $4,049.55 for the Lettermen's Weekend instead of the $2,506 that was withdrawn.  These expenditures did not have prior approval.

Recommendation Letter of ASU Grievance Committee, January 29, 2001, p. 1.  The Committee also found that Jones was "uncooperative in assisting the Athletic Department in solving the problem" concerning the unauthorized purchase of athletic goods, or the $11,334.63 outstanding bill for said goods.  Id., p. 2.  Jones also failed to attend the scheduled meeting to discuss the situation.

2

Id.  The Committee further found that Jones had improperly bound
ASU for hotel rooms reserved for a football weekend, without
authority to do, and without following proper procedures.  Id., p.
3.  The Committee found that despite the fact that Jones had
previously been informed that any football-related contracts must
be signed by either the athletic director, or a combination of both
the athletic director's and Jones's signatures, Jones still
"contractually bound the university without initiating a
requisition or obtaining a purchase order."  Id

The Committee found that ASU had incurred additional expenses
as a result of Jones's "disregard for policies and procedures," and
that "there was a lack of departmental control and authority [,]
and self-interest had taken precedence over [the] [U]niversity's
interest."  Id.  Subsequently, the Committee's recommendation to
terminate Jones's employment was approved by ASU President George
E. Ross, and ratified by the Board of Trustees of MIHL.   On
February 20, 2009, the plaintiff filed a Petition for Writ of
Certiorari in the Circuit Court of Claiborne County, Mississippi,
contesting the findings of the Committee.  The plaintiff's Petition
names ASU, ASU Athletic Director Darren J. Hamilton ("Hamilton"),
Ross, and MIHL as defendants.

While his petition before the Circuit Court of Claiborne
County was pending, Jones filed his action before this Court on May
26, 2010, seeking damages and other relief from ASU, Hamilton,

Ross, MIHL, and McCullum.  The plaintiff's Complaint contained the following claims:

Count I:  violations of the First, Fourth and Fourteenth Amendments to the United States Constitution;

Count II: (1) violations of the First, Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; (2) violation of equal protection pursuant to 42 U.S.C. § 1985; (3) violation of 42 U.S.C. §§ 1986 and 1988;

Count III:  claim for injunctive relief against defendant MIHL based on policies and procedures which the plaintiff claims violate his constitutionally protected property rights, privileges and interests, as well as those of other employees of MIHL;

Count IV:  breach of employment contract and breach of implied duties of good faith and fair dealing;

Count V:  intentional, willful, wanton, grossly negligent and negligent infliction of mental and emotional distress;

Count VI:   intentional and willful interference with plaintiff's employment and advantageous relationships, against defendants Hamilton and Ross;

Count VII:  defamation, against defendants Hamilton, Ross and McCullum;

Count VIII:  civil conspiracy;

Count IX:  willful, wanton and malicious invasion of privacy under Mississippi common law;

4

Count X:   unlawful interference with benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

Complaint, ¶¶ 59-90.

On April 13, 2011, the Circuit Court of Claiborne County conducted an "examination of questions of law arising or appearing on the face of the record and proceedings" to "determine whether or not the order of the administrative agency (1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party." Circuit Court Order of April 13, 2011, pp. 1-2.  The court found that the agency's order was supported by substantial evidence and that the plaintiff/appellant had not met his burden of showing that the agency's decision was arbitrary or capricious, beyond the power of the administrative agency to make, or that it violated some statutory or constitutional right of the plaintiff/appellant. Id.  On May 5, 2011, Jones filed a notice of appeal with the Mississippi Supreme Court.

On June 29, 2012, this Court entered a Memorandum Opinion and Order dismissing all claims against ASU and MIHL, and all claims against McCullum except those against her in her individual capacity.  A ruling on the individual capacity claims was deferred until after the plaintiff filed a reply pursuant to Schultea v.

5

Wood, 47 F.3d 1427, 1433 (5th Cir. 1995), setting forth specific conduct giving rise to the alleged constitutional violation. The plaintiff filed a Schultea reply, and McCullum filed a motion for summary judgment on grounds of "quasi-judicial" absolute immunity, qualified immunity, and res judicata. All claims against defendants Hamilton and Ross were dismissed on October 24, 2012, on grounds that the plaintiff had failed to serve process upon them.

On October 19, 2012, the Mississippi Supreme Court assigned Jones's appeal to the Mississippi Court of Appeals. The case was submitted on briefs, and the appellate court handed down its decision on August 27, 2013, affirming the Circuit Court of Claiborne County. A Mandate was issued by the Mississippi Court of Appeals on September 17, 2013.

Mississippi law provides for discretionary review (certiorari) by the Mississippi Supreme Court of Court of Appeals decisions. The initial step in seeking discretionary review is by filing a motion for rehearing with the Court of Appeals within 14 days from the date of the decision. Miss.R.App.P. 40(a). A petition for writ of certiorari must be filed with the Mississippi Supreme Court within 14 days of the decision on the motion for rehearing. Miss.R.App.P. 17(b). Since Jones failed to file a motion for rehearing, the Court of Appeals issued its Mandate on September 17, 2013. Under Mississippi law, state appellate review becomes final on the date the mandate is issued. See Puckett v. State, 834 So.2d

676, 677 (Miss. 2002); <u>Gray v. Univ. of Miss. Sch. of Med.</u>, 996
So.2d 75, 79 (Miss.Ct.App. 2008)(Supreme Court opinion final upon
issuance of mandate, not upon issuance of opinion).

The Court finds that the doctrine of <u>res judicata</u> operates to
bar the claims against the defendant in this federal cause of
action. "Claim preclusion, or <u>res judicata</u>, bars the litigation of
claims that either have been litigated or should have been raised
in an earlier suit." <u>Test Masters Educ. Servs., Inc. v. Singh</u>, 428
F.3d 559, 571 (5ᵗʰ Cir. 2005), citing <u>Petro-Hunt, L.L.C. v. United
States</u>, 365 F.3d 385, 395 (5ᵗʰ Cir. 2004)(quoting <u>In re Southmark
Corp.</u>, 163 F.3d 925, 934 (5ᵗʰ Cir. 1999)).  "A prior state court
decision must be given the same preclusive effect in a subsequent
federal action as it would be given by the courts of the state from
which the decision arose." <u>A & F Props., LLC v. Madison County Bd.
of Supervisors</u>, 414 F.Supp.2d 618, 623 (S. D. Miss. 2005)(quoting
<u>Bullock v. Resolution Trust Corp.</u>, 918 F.Supp. 1001, 1009 (S.D.
Miss. 1995)).

Mississippi's <u>res judicata</u> doctrine provides that "when a
court of competent jurisdiction enters a final judgment on the
merits of an action, the parties or their privies are precluded
from re-litigating claims that were decided or could have been
raised in that action." <u>Miss. Dept. of Human Serv. v. Shelby</u>, 802
So.2d 89, 95 (Miss. 2001).  Under Mississippi law, the doctrine
applies only when there has been a final judgment on the merits and

the following identities are present:

> (1) identity of the subject matter of the original action when compared with the action now sought to be precluded;
>
> (2) identity of the underlying facts and circumstances upon which a claim is asserted and relief sought in the two actions;
>
> (3) identity of the parties to the two actions, an identity met where a party to the one action was in privity with a party to the other; and
>
> (4) identity of the quality or character of a person against whom the claim is made.

Reid v. American Premier Ins. Co., 814 So.2d 141, 145 (Miss. 2002)(citing Dunaway v. W.H. Hopper & Assocs., Inc., 422 So.2d 749, 751 (Miss. 1982)).

The Court addresses each of the four elements seriatim:

(1) The Mississippi Court of Appeals rendered a final judgment on the merits of Jones's claims before the Circuit Court of Claiborne County, which involved the handling of Jones's hearing before the ASU Grievance Committee – the same subject matter that gave rise to Jones's claims in the case sub judice. This fulfills the first element.

(2) Mississippi law considers actions to be "the same if they arise from the same 'transaction'; whether they are products of the same 'transaction' is to be determined by giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties'

expectations or business understanding or usage." Harrison v. Chandler-Sampson Ins., Inc., 891 So.2d 224, 234 (Miss. 2005)(internal citations omitted).

Jones actually raised his federal claims before the state court, which the court adjudicated on the merits, separately from its review of the Committee's decision. Specifically, the state courts (Circuit Court and Court of Appeals) heard Jones's claims under the Fourteenth Amendment to the United States Constitution. Jones had an adequate forum to litigate his federal claims. Jones's claims before this Court result from the same transaction as in his state court case. All of his claims draw on the same operative facts, resulting from his hearing before the Committee. Together, they form a convenient trial unit. The second element is therefore met.

(3) "A non-party defendant can assert res judicata so long as it is in 'privity' with a named defendant." Harrison, 891 So.2d at 236. McCullum was not named as a defendant in the state court case; however, as legal counsel for the Committee, she was in privity with ASU and MIHL, both of whom were named defendants in the state court case. See Dean v. Mississippi Board of Bar Admissions, 394 Fed.Appx. 172, 177 (5th Cir. 2010).

In Lacroix v. Marshall County, Mississippi, the plaintiff initially sued the Marshall County Board of Supervisors in state court. In a subsequent federal action, he added the attorney for

the Board of Supervisors as a defendant.  The district court for the Northern District of Mississippi held that the attorney was in privity with the Board.  2009 WL 3246671, *6 (N.D. Miss. Sept. 10, 2009)(citing Moses v. Flanagan, 727 F.Supp. 309, 312 (N.D. Miss. 1989)("It is well established that state officials are, as a matter of law, in privity with the agency or department in which they serve.")), affirmed, Lacroix v. Marshall County, Mississippi, 409 Fed.Appx. 794 (5th Cir. 2011).  Thus, the third element is satisfied.

(4) In Lacroix, the Fifth Circuit noted that the attorney for the Board of Supervisors as an employee of the Board was of the same "character" or type as the other defendants.  Similarly, McCullum, as a state employee assigned to two agencies of the state, was of the same character or type as the defendants in the state court action (her co-defendants in the case sub-judice).  The fourth element is met.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments that those judgments would receive in the courts of the state from which the judgments emerged.  Raju v. Rhodes, 7 F.3d 1210, 1214 (5th Cir. 1993).  "[R]es judicata bars a plaintiff from bringing a second or subsequent lawsuit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory.  The doctrine prevents 'litigation

10

of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" Lacroix, 2009 WL 3246671, *5 (emphasis in original)(quoting Brown v. Felsen, 442 U.S. 127, 131 (1979); Goldberg v. R.J. Longo Constr. Co., 54 F.3d 243, 246 (5th Cir. 1995)(res judicata bars claims that were or could have been raised in prior actions)).

The plaintiff's § 1983 claims would be subject to claim preclusion existing under Mississippi law even if he had failed to present them in the prior state adjudication. See Migra v. Warren City School Dist. Brd. of Educ., 465 U.S. 75, 85 (1984). However, in the case sub judice, the plaintiff did present his § 1983 claims to the state court. Moreover, the Mississippi Court of Appeals made specific findings regarding these claims as to McCullum despite the fact that she was not a named defendant in the state court action:

> Jones wrote a letter to Hamilton stating that he "expect[ed] and demand[ed]" a due process hearing. Keyla McCullum, special assistant attorney general, wrote to Jones's attorney and informed him that she would be acting as legal counsel for the Committee, which consisted of three full-time employees of ASU. Her letter also informed him of the hearing procedures.

Jones, 2013 WL 4516745, *2.

> As Jones was a public employee with a contract with definite terms, he was entitled to due-process protections. Hamilton's letter to Jones cited malfeasance and inefficiency as grounds for recommending his termination. The letter also included specific allegations against Jones and informed him of his right

11

> to a hearing.  Therefore, Jones received adequate notice, as required by procedural due process.  Also, ASU granted Jones a hearing that gave him a fair opportunity to be heard and to rebut the allegations being made against him.  Jones argues that the hearing was unfair, as his attorney was not allowed to cross-examine witnesses or present evidence, and that McCullum acted as if she were a judge presiding over the hearing.  However, Hamilton explained in his letter to Jones that Jones's attorney would only serve as an advisor and could neither present evidence nor cross-examine witnesses.  Also, it is clear in the transcript that McCullum effectively ran the hearing based on proper protocol and procedure. Accordingly, ASU did not violate Jones's due-process rights.  This issue is without merit.

Id. at *3.

Although McCullum was not formally named a party in the state court action, the plaintiff's lawsuit "necessitated inquiry into [her] conduct which cast [her] as an unnamed defendant. Eventually, that inquiry blossomed into findings of fact regarding [McCullum] by the [Mississippi Court of Appeals]."  Gates v. Walker, 865 F.Supp. 1222, 1239 (S.D. Miss. 1994)(discussing former School Superintendent who was named in federal action but not in previous state court action solely against School District).

Finally, the Court finds that all of the plaintiff's state law claims and federal claims against McCullum are precluded by res judicata because they are all derivative of his due process claims. See Raju, 7 F.3d at 1215-16; Lacroix, 2009 WL 3246671, *5; Goldberg, 54 F.3d at 246.

Because the Court finds that the doctrine of res judicata disposes of all the plaintiff's claims, a discussion of McCullum's

alternative grounds for dismissal is not necessary.  <u>Gelenter v.</u> <u>Vickers</u>, 1995 WL 1945573, *2 n.4 (N.D. Miss. May 12, 1995).  The Court also finds that the plaintiff's motion for discovery is moot.

Accordingly,

IT IS HEREBY ORDERED that defendant Keyla McCullum's Motion for Summary Judgment **(docket entry 20)** is GRANTED, and all claims against her are dismissed with prejudice;

FURTHER ORDERED that plaintiff Ernest T. Jones's Motion for Rule 56(d) Discovery **(docket entry 23)** is denied as MOOT.

A separate Final Judgment dismissing this action with prejudice shall follow.

SO ORDERED, this the 7th day of October, 2013.


                              /s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE